**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Dimitri Oleinik, <br><br>　　　　　Plaintiff, <br> v. <br><br> Zwicker & Associates, P.C.; and DOES 1-10, inclusive, <br><br>　　　　　Defendants. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Dimitri Oleinik, by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.　The Plaintiff, Dimitri Oleinik ("Plaintiff"), is an adult individual residing in Newton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts business entity with an address of 80 Minuteman Road, Andover, Massachusetts 01810, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Zwicker and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Zwicker at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Zwicker for collection, or Zwicker was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Zwicker Engages in Harassment and Abusive Tactics

12. In a written correspondence sent to Plaintiff on November 9, 2010, Defendants claimed that no attorney at Zwicker had reviewed Plaintiff's account and assured Plaintiff that no

lawsuit would be filed against him and that the letter was not to be construed as a threat of a lawsuit [Exhibit A].

> 27137-09 8\*\*\*AUTO\*\*MIXED AADC 350
> DIMITRI OLEINIK
> WEST NEWTON MA 02465-1412
>
> **Personal and Confidential**
>
> 11/09/2010
> File ID:
> Re: FIA Credit Card Services aka Bank of America
> Account No:  1,2    Balance: $4269.57
>
> Dear DIMITRI OLEINIK:
>
> This law firm has been retained by the above-named creditor to assist it in the collection of the funds you owe on the above-referenced account. As of the date of this letter, you owe $4269.57 This is the second letter which we have sent to you attempting to arrange repayment.
>
> As of this time, no attorney with this firm has personally reviewed the particular circumstances of your account. This letter is not a threat of suit and should not be construed to be a threat of suit.
>
> This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.
>
> Please contact this office to discuss repayment with Tom Cecil, one of our non-attorney account managers.
>
> Very truly yours,
>
> ZWICKER & ASSOCIATES, P.C.

13. Nevertheless, on December 6, 2010 Defendants filed a lawsuit against Plaintiff.

14. Defendants did not contact Plaintiff or his attorney to advise that his account has been reviewed for litigation and suit may be filed.

3

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

17. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

18. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

21. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

24. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

25. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 10, 2011

                Respectfully submitted,

                By  /s/Sergei Lemberg

                Sergei Lemberg (BBO# 650671)
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (877) 795-3666
                Attorneys for Plaintiff